## N. BOWMAN *v.* NORTON BROTHERS.

**Demurrer—Allegations in Answer of Contract with One of Plaintiffs.**
> Where the allegations in an answer show that the defendant is seeking to enforce an agreement for payment of a lien owing on the same land, by one of the plaintiffs, it is improper to sustain a demurrer thereto.

**Contracts—Covenant of Payment—Specific Performance.**
> A defendant who enters into a covenant with one of several plaintiffs, is entitled to the benefit thereof, as to the manner and means of payment, in a suit by the plaintiffs for specific performance.

APPEAL FROM GRAVES CIRCUIT COURT.

December 18, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

By their original petition, appellees proceed to garnishee the amount due them by Wells in the hands of appellant, and subjected one of the tracts of land sold by Bowman to Wells to pay their debt, which proved insufficient for that purpose, and by an amended petition they allege that Wells resold one of the tracts of land to appellant and in consideration therefor, he covenanted with Wells to pay to them $3,000 of their debt. To this amended petition appellant put in an answer, making it a cross-petition against Wells and appellees and making his answer to their original petition a part thereof, in which he alleged, that he did

purchase one of the parcels of land back from Wells, which he sold him; and covenanted with him to pay to appellees $3,000 of their debt on Wells. But that Wells being indebted to him for the other tract, the price of which was $2,000, contracted to pay him said amount punctually so as to enable him to pay appellees what he undertook with him to pay, and that he had failed to comply; this, he alleges, was a part of the same contract, but by mistake or oversight was omitted from the writing evidencing their contract.

He also alleges that Wells had the legal title to the other tract for which he owed the purchase money, and on which a lien was reserved therefor, and prayed that the said tract might be subjected to the payment of appellees debt *pro tanto*. To that answer and cross-petition appellees demurred, their demurrer was sustained, and a personal judgment rendered against appellant for the residue of the $3,000, and costs, and from that judgment he has appealed.

It is to be observed that the covenant of appellant was with Wells, and not appellees, and whatever covenant Wells entered into with him as to the manner and means of payment, he is entitled to the benefit thereof, in the effort of appellees to enforce the contract made with Wells.

And if Wells was plaintiff seeking to enforce payment, certainly appellant would have the right to compel a settlement and have credit for what Wells owed him, or have his lien enforced and the land sold to satisfy his claim. Consequently, the demurrer to appellant's answer and cross-petition should have been over-ruled. The land to which Wells holds the legal title be adjudged to be sold, and the controversy settled, and further litigation prevented.

Wherefore, the judgment is reversed, and the cause remanded, with directions to over-rule the demurrer to appellant's answer and cross-petition, and for further proceedings consistent with this opinion.

*Anderson, for appellant.*

*Rodman, for appellees.*